1

2

3

4

5

6

7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                      FOR THE EASTERN DISTRICT OF CALIFORNIA

11    ROBERT MATHIS,

12              Petitioner,                      No. CIV S-06-2733 GEB DAD P

13         vs.

14    L.E. SCRIBNER, et al.,

15              Respondent.                      <u>ORDER</u>

16    _____/

17              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

19    pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to

20    afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21    granted.  <u>See</u> 28 U.S.C. § 1915(a).

22              On August 27, 2007, petitioner filed a document styled, "Amendment To Petition

23    being held in Abeyance of exhausted issues raised in California courts," which the court has

24    construed as petitioner's amended petition.  Petitioner's amended petition, however, contains

25    only the six claims which were recently exhausted in state court.  Petitioner is informed that the

26    court cannot refer to prior pleadings in order to make his amended petition complete.  Local Rule

1

15-220 requires that an amended petition be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended petition supersedes the original petition. Once plaintiff files an amended petition, the prior pleading no longer serves any function in the case.  Therefore, the court will dismiss the petition and amended petitions and order petitioner to file a second amended petition that is complete in itself.

On December 4, 2006, petitioner filed a motion for a stay and abeyance.  It appears that in light of his recent exhaustion of additional claims in state court, that motion is now moot.  Petitioner is advised that if he wishes to present still more claims that remain unexhausted, he must renew his motion for a stay and abeyance.  The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance).  The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court."  544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless.  Id.  Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.  Therefore, in a motion for a stay and abeyance, the motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe

1  the status of state court proceedings on the unexhausted claims, and (4) demonstrate that

2  petitioner has acted with diligence in pursuing additional claims.

3         On December 4, 2006, petitioner filed a document styled, "Motion to Augment

4  Record of Petition of Habeas Corpus, with attached police report."  The motion will be denied.

5  Petitioner may attach the police report as an exhibit to his second amended petition but in doing

6  so must identify which of his claims the supporting evidence contained in the exhibit relate to.

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1.  Petitioner's request for leave to proceed in forma pauperis, filed December 4,

9  2006, is granted;

10        2.  Petitioner's petition for writ of habeas corpus, filed on December 4, 2006 and

11  amended petition filed on August 27, 2007, are dismissed;

12        3.  Petitioner is granted thirty days from the date of service of this order to file a

13  second amended petition that complies with the requirements of the Federal Rules of Civil

14  Procedure; the second amended petition must bear the docket number assigned this case and

15  must be labeled "Second Amended Petition;"petitioner shall use the form petition provided by

16  the court and answer each question in the form petition; and petitioner's failure to file a second

17  amended petition in accordance with this order will result in the dismissal of this action;

18        4.  Petitioner's  December 4, 2006 motion for a stay and abeyance is denied as

19  moot;

20        5.  Petitioner's December 4, 2006 motion to augment record is denied; and

21        6.  The Clerk of the Court is directed to provide petitioner with the court's form

22  petition for a writ of habeas corpus by a state prisoner.

23  DATED: October 9, 2007.

24

25

DAD:4
26  math2733.2amd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3