UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT MATHIS,                          )
                             Petitioner,      )
                                         )
     vs.                                )
                                         )
L.E. SCRIBNER, et al.,                  )
                                         )
                         Respondents.     )

NO. CV S-06-2733-JLQ

**ORDER DENYING
CERTIFICATE OF
APPEALABILITY**

**Before the Court** is the Petitioner's application for Certificate of Appealability which was forwarded to the court by the Ninth Circuit Court of Appeals.  Petitioner seeks a certificate of appealability in regards to habeas corpus claims 1, 5, 6, 8 and this court's ruling on those claims in sections B, E, and G of the court's January 12, 2010 Memorandum Opinion (*see* Ct. Rec. 25).

An appeal of the court's Order on the Petition for Writ of Habeas Corpus may not be taken unless this court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

ORDER - 1

*Slack*, 529 U.S. at 474.  A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied.  *Id.*  The court may address either the constitutional or procedural issue first.  *Id.*

Mr. Mathis' arguments in his application for certificate of appealability restate the arguments made in his habeas petition, which are based upon misunderstandings and erroneous conclusions.  Mr. Mathis claims his counsel allowed him to "go through trial with no lesser included offense."  But the jury was instructed on attempted theft and was given the lesser included offense instruction.  Ct. Rec. 14-2 at 63, 67. Mr. Mathis claims his trial counsel did not raise the defense of attempt and was ineffective for not questioning the arresting officers why they believed the crime committed was an attempted theft.   Yet, Mr. Mathis' trial counsel specifically argued in his final statements during closing arguments that "[t]he one thing that it absolutely does is constitute an attempted theft.  There is no dispute about that. That's a crime.  That's what he did. He's guilty of attempting to steal this belt beyond a reasonable doubt, and he's not guilty of burglary or of the actual completed theft."  Ct. Rec. 14 at 90.  Moreover, the opinion or beliefs of the arresting officers was irrelevant and would have been inadmissible because the question of which and whether a crime occurred was the ultimate question for the jury to decide.  Moreover, the line of questioning would have likely revealed to the jury the fact that the Petitioner had prior convictions.  Counsel was not ineffective in failing to so question the officers, and the state courts were not unreasonable in rejecting petitioner's ineffective assistance claim.

Mr. Mathis also repeats his erroneous contention that prior convictions are only relevant to sentencing decisions.  Prior convictions are relevant to sentencing *and* in California, to prosecutors in determining whether to exercise the discretion to charge the alleged petty theft as a felony.  *See Ewing v. California*, 438 U.S. 11, 16-17 (2003). The

ORDER - 2

prosecutor charged Mr. Mathis with felony petty theft. What the crime would or could have hypothetically been in the made-up scenario where the Petitioner did not have any prior convictions, is wholly irrelevant. A wobbler offense charged as a felony can certainly be the basis of a third strike. *See e.g., Rios v. Garcia*, 390 F.3d 1082 (9th Cir. 2004).

Petitioner's request for certificate of appealability also complains that this court did not address his equal protection/due process argument which he bases on the contention that his charge and conviction should have been for attempted theft, not theft, because "everyone else that has done crime[s] similar or same as Petitioner...are only being charged and tried for attempted petty theft..." Application for Cert. of Appealability at 3. As stated in the court's order at Section B, this argument can not be entertained. California state law vests prosecutors with broad discretion to evaluate evidence and determine what offense should properly be charged. Such a statute is not an unconstitutional delegation of authority. The exercise of a prosecutor's discretion, where there is no abuse of discretion, does not violate equal protection principles. *U.S. v. Doe* 125 F.3d 1249 (9th Cir. 1997). Petitioner has failed to demonstrate any abuse of authority. Moreover, where the sentence imposed is within the limits set by law its severity is not grounds for habeas corpus relief.

Finally, as to the contention that his sentence violates the Eighth Amendment, given the Petitioner's lengthy criminal history, the court determined that state courts' rejection of this claim was neither contrary to, nor an unreasonable application of clearly established federal law.

After having considered Mr. Mathis' application for certificate of appealability and based on the court's analysis in its Memorandum Opinion (Ct. Rec. 25) and herein, the court concludes: 1) that Mr. Mathis has failed to make a substantial showing of a denial of a constitutional right and 2) that jurists of reason would not find it debatable whether the

ORDER - 3

court was correct in any substantive or procedural ruling.  Thus, a certificate of appealability is not issued for Mr. Mathis' § 2254 Motion.

IT IS HEREBY ORDERED:

The Clerk is directed to:

- Enter this Order;
- Inform the Ninth Circuit Court of Appeals that a certificate of appealability is **DENIED**;
- Furnish copies to counsel and Mr. Mathis; and
- Close the case file.

Dated March 5, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4